PENDLETON, President.
Delivered the resolution of the Court to the following effect:
The single question upon the bill of exceptions, is, whether the High Sheriff could be permitted upon the motion, to give oral testimony, that the recovery in the record was for the trespass of his under-Sheriff acting as- his deputy? Or, whether it can be proved by the record only, shewing it to be his transaction?
Formerly, returns were made in the name of the High Sheriff; and of course, in that case, evidence that it was the act of the under-Sheriff must be oral. The law directs the under-Sheriff to sign his own name as well as that of the principal. [May, 1763, c. 7, § 3, 7 Slat. Larg. 649; c. 78, § 31, R. C. ed. 1819.] Now, suppose he omits his own name, must he not be charged by oral testimony? *469 Here was no return as to Ward. The slaves were unlawfully seized and sold; and, therefore, there was no process to be returned. The notice gave the defendants an opportunity of contesting the deputy’s being concerned; and, upon the whole, the Court has no doubt with regal’d to the propriety of admitting the evidence. A difficulty occurred at first, whether the High Sheriff could recover on motion, or was put to his action in such a ease as this? But we find the motion justified by an act of 1793, [c. 161, i?. C. 314, ed. 1803.]
Judgment affirmed.*

[* Stowers, adm’r. of Bragg v. Smith's ex’x. 5 Munf. 401.]