CARR, J.,
delivered the opinion of the-court. He reviewed the cases of The Commonwealth v. Fairfax, Royster v. Leake and Munford v. Rice, and then said: Fromi these cases we may deduce two conclusions. 1. That the office of the sheriff being an annual one, he must give an annual bond. 2. That the contract of the sheriff and his deputy being a private affair, not regulated as to its continuance by law, may be either for one or two years. The case before us arises on a bond executed by a deputy and his sureties; and the question is, Whether the parties intended *to be bound only for one year, or for two? The statute concerning sheriffs enacts, “that every person hereafter commissioned and qualified as aforesaid, shall be continued in office for one year after his qualification, and may, with his own consent and the approbation of the executive, be continued for two years” &c. The bond here recites, that “whereas Jacobs has been commissioned as sheriff &c. and the said Hill hath undertaken the duties, of the said office, for and during the time the said Jacobs may continue in office” &c. From the similarity (almost identity) of expression in the law and the bond, it seems to me highly probable, that the parties meant to be bound for the whole period during which the sheriff might under the law hold the office. The law says, the sheriff shall be continued in office for one year, and may be continued for two years: the bond says, the deputy has undertaken the office, for and during the time the sheriff may continue in office. If the words of the bond had been may be continued in office, they would have been the same used in the statute; and we must have concluded, that by adopting the very words of the statute, which was probably before the parties, they meant to be bound for the same period, during which, under those words, the sheriff might hold the office; namely, two years. But what is the difference in meaning, between the words may be continued in office, and may continue in office? The parties knew the law; knew, that the sheriff must continue in office for the first year, but that for the second year, his own consent and the approbation of the executive were necessary. When they say, then, we agree to be bound, as long as the sheriff may continue in office, do not they mean exactly the same, as if they had said, we will be bound as long as the sheriff may be continued in office? He could not continue in office, unless he was continued in office. So far as his own consent operated, he-might be said (using the verb actively) to continue in office: so far as the approbation of the executive operated, he might be said, by that approbation, to be continued in office: but he could not continue in office ^without a concurrence of both these. The two phrases then, as applied to the continuance of the sheriff in office, mean precisely the same thing; and *373 I conclude, that by using this language, the obligors meant to be bound for the whole time that the law would permit the sheriff to continue, or to be continued, in the office. This conclusion may be fortified by another view of the subject. The bond here, recites that the deputy had undertaken the duties of the office of sheriff, which seems as if he had taken the whole office. The history of the country informs us, that nothing is more common than for a sheriff, so soon as he is appointed, to form otit his office for the two years to a deputy; and this court has sanctioned the custom. It seems very probable, from the recital in the bond, that this is a transaction of that kind; and so, the bond of the deputy would of course be given for the two years.
It was also objected by the counsel for the appellee, that the judgment of the county court against the sureties of the deputy was wrong, because the judgment recovered by the clerk against the sheriff, being by confession, did not bind the deputy’s sureties, and there was no other evidence of the deputy’s default. But the record tells us, that it was a motion against the sheriff, for judgment for the amount of the clerk’s tickets for fees, put into the hands of his deputy Hill, during the second year of the shrievalty, and that upon this motion, Hill, the deputy, assented in open court, to the confession of judgment by the sheriff; in other words, confessed that he had received the clerk’s tickets, and had not accounted for them: this, we think, was ample evidence of the fact, and charged his sureties, unless disproved by them.
It was farther objected, that one of the sureties being dead, this motion could not be made against the survivors; for it must be a joint motion against all, or a several motion against one; and this was neither. This objection is considered unsound. At common law, the principle is perfectly settled, that by the death of one or more of the obligors, *the obligation is not discharged, but survives against those who remain, and an action lies against them as surviving obligors. So, on the joint and several bond given here by the deputy and his sureties; the statute gives a motion against them, their heirs, executors and administrators, jointly and severally ; and one of the obligors dying, the motion lies against the survivors jointly, or any one of them severally. It would be strange indeed, if it were otherwise; for then, in proportion to the number of sureties, added for the safety and protection of the sheriff, would be the chance of his losing by the death of some one of them, the remedy given him by the statute; and this loss produced by the act of God, which the maxim tells us shall injure no one. But we have authority also against this. In Shelton v. Ward, 1 Call, 538, the motion 'was against the sureties of a deceased deputy sheriff. And in Royster v. Leake, the motion was against Royster and others, sureties of Vaughan, deputy for Payne; and Mr. Wickham took the very objection, that the law gave either a joint or a several motion, but that was neither: yet the court affirmed the judgment.
It was also objected that the judgment was erroneous in ’ giving interest on the aggregate of principal, damages and costs, which had been recovered against the sheriff for the default of the deputy. It seems to me just, that such interest should be awarded, and I had thought there was a positive law giving it; but I have not been able to find it; and, as the section of the statute under which this motion was made, says nothing about interest, and acts giving summary remedies are construed strictly, the judgment of the countjr court, so far as it gives interest, must be pronounced erroneous.
The judgments both of the circuit and county courts, must be reversed, and judgment entered here, for the aggregate amount of the principal, damages and costs, recovered of the sheriff for his deputy’s default.